[No. 2896.]

## G. B. Pickett et al. v. The State.

1. Scire Facias—Bail Bond.—That a bail bond binds the obligors for the appearance of the principal from day to day and term to term of the court, until discharged, is not a condition more onerous than that imposed by law.

2. Same.—Surety.—The suretyship of a married woman invalidates a bail bond only as to her, not as to the principal and other sureties.

3. Same.—Judgment Nisi is fatally defective if it fails to state that the same will be made final unless good cause be shown at the next term of the court why the defendant did not appear.

Error from the District Court of Jack. Tried below before the Hon. A. J. Hood.

The writ of error in this case is prosecuted from judgment final upon the forfeiture of the bond of Thomas Pickett, bailed in the sum of one thousand dollars on the charge of cattle theft.

*Sparkman & Crane*, for the plaintiffs in error.

*J. H. Burts*, Assistant Attorney General, for the State.

Willson, Judge. We think the bail bond is a valid one. That it binds the obligors for the appearance of the principal from day to day and term to term of the court, until he is discharged by the court, does not make it more onerous than the law makes it. Such would be the legal effect of the bond, even if it was not

so expressed therein.    (Code Crim. Proc., Art. 290).    This bond is not conditioned like the one in the case of *Turner* v. *The State*, 14 Texas Court of Appeals, 168, cited by counsel for appellants. In that case the bond contained a condition which was more onerous than the law required, or than was embraced within the legal effect of a bail bond.    That a married woman was a surety upon the bond does not invalidate it as to the other obligors.    It would be invalid as to her (Code Crim. Proc., Art. 291), but binding upon the principal and other sureties.    (Code Crim. Proc., Art. 452).    None of the objections made to the bail bond in this case are, in our opinion, maintainable.

There is a fatal defect in the judgment *nisi.*    It does not state that the same will be made final unless good cause be shown at the next term of the court why the defendant did not appear. (Code Crim. Proc., Art. 441; *Collins* v. *The State*, 12 Texas Ct. App., 356; *Thomas* v. *The State*, Id., 416, 417; *Barton* v. *The State*, Id., 613).

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered June 27, 1884.